UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

|  |  |  |
|---|---|---|
| **MICHAEL REYNOLDS,** | § | |
| Plaintiff, | § | |
| v. | § | |
|  | § | |
| **HEARN TRUCKING, LLC. AND WEX HEALTH, INC.** | § | Case No. _____ |
|  | § | |
| Defendants. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Michael Alan Reynolds ("Reynolds" or "Plaintiff") complains of Defendants Hearn Trucking, LLC. and Wex Health, Inc. as follows:

### Parties, Jurisdiction and Venue

1. Plaintiff is a 54 year old individual residing in Collin, County, Texas.

2. Defendant Hearn Trucking, LLC. is a Texas limited liability company with its principal place of business in Weatherford, Texas. Defendant may be served process to Jack M. Hearn, Jr. at 7600 IH 20 W. Weatherford, Texas 76088.

3. Defendant Wex Health, Inc. is a Delaware corporation with its principal place of business in Portland, Maine. Defendant may be served process to Corporation Service Company d/b/a CSC-Lawyers Inco. at 211 E. 7th Street, Suite 620 Austin, Texas 78701.

4. This Court has jurisdiction over the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiffs rights and benefits including under under the Consolidated Omnibus Budget Reconciliation Act of 1986, 29 U.S.C. §§ 1161 *et.seq*. This Court has subject matter jurisdiction over this action under 29 U.S.C. §§ 1161 *et seq*. and 29 U.S.C. § 1132 *et.seq.* and because the amount in controversy is within the Court's jurisdictional limits.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 139l(b)(1) because Defendant Hearn Trucking's principal business location is in this District.

**Facts**

6. Plaintiff is a truck driver. From on or about January 1, 2020 to February 1, 2022, Plaintiff worked for Hearn Trucking as a truck driver.

7. Plaintiff was terminated by Hearn Trucking on February 1, 2022.

8. Following his termination, Defendants failed to comply with 29 U.S.C. § 1166. Specifically, Defendants did not send notice to Plaintiff of his rights for continuing coverage under COBRA until July 5, 2022. By that time, Plaintiff's COBRA premiums were over $5,000 and Plaintiff could not afford to elect COBRA coverage.

9. Plaintiff has incurred medical bills totaling approximately $38,500 as a result of losing his health coverage. Plaintiff's credit is now destroyed as a result, he is unable to pay the amounts owed and is being hounded by creditors.

**COUNT 1**
VIOLATION OF ERISA/COBRA

10. The foregoing paragraphs of this Original Complaint are incorporated in this

Count as fully as if set forth at length herein.

11. Plaintiff is an "employee" within the meaning of the 29 U.S.C. § 1161 et.seq. and 29 U.S.C. 1167(2).

12. Defendant Hearn Trucking is an "employer" within the meaning of 29 U.S.C. § 1166 and 29 U.S.C. § 1002(5). Defendant Wex Heath is an "administrator" within the meaning of 29 U.S.C. § 1166 and 29 U.S.C. § 1002(16).

13. All conditions precedent to filing this action have been met including Plaintiff incurring a "qualifying event" (his termination by Defendant Hearn Trucking) under 29 U.S.C. § 1163.

14. Defendants have violated COBRA, 29 U.S.C. § 1166, by failing to provide timely notice to Plaintiff under 29 U.S.C. § 1166.

15. As a result of Defendants' violation of the above provisions of COBRA, Plaintiff has suffered damages including medical bills of approximately $38,500

16. In addition to the above medical bills, Plaintiff seeks the daily penalties as set forth in 29 U.S.C. § 1132(c)(1).

17. Plaintiff seeks an award of attorney fees and costs under 29 U.S.C. § 1132(g).

WHEREFORE, Plaintiff prays that Defendants be cited to appear and answer herein and that on final hearing, the Court enter judgment as follows:

(1) Judgment in favor of Plaintiff against Defendants for all actual damages proximately caused by Defendants' conduct.

(2). Judgment in favor of Plaintiff against Defendants for Plaintiff's court costs and

Plaintiff's Original Complaint - page - 3

reasonable attorneys' fees, expert witness fees, and deposition copy costs;

(3). Pre-judgment and post-judgment interest at the maximum rate allowable by law;

(4). Such other and further relief to which Plaintiff may be justly entitled.

Dated - May 31, 2023

Respectfully Submitted,

The Hartmann Firm
by: /s/ Clay A. Hartmann
Texas State Bar No. 00790832

The Hartmann Firm
400 N. St. Paul, Suite 1420
Dallas, Texas 75201
(214) 828.1822
clay.hartmann@thehartmannfirm.com

ATTORNEYS FOR PLAINTIFF MICHAEL REYNOLDS